UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL NO. H- |
| v. § | |
| § | |
| LESLIE NICOLE BREAUX § | **16 CR 0277** |
| a/k/a LESLIE NICOLE ADAMS, § | |
| a/k/a LESLIE NICOLE § | |
| ADAMS-BREAUX § | |
| Defendant § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
(18 U.S.C. § 157 (3)-Bankruptcy Fraud)

A.  **INTRODUCTION**

At all times material to this indictment:

#### The Defendant

1. **Leslie Nicole Breaux** ("**Breaux**"), defendant herein, was a resident in the Houston, Texas area.

#### Summary of the Case

2. From May 2004 to August 2014, **Breaux** filed twelve (12) bankruptcy petitions in the Bankruptcy Court of the Southern District of Texas for the purpose

1

of receiving an "automatic stay" as protection from foreclosure proceedings brought by creditors to obtain property to satisfy a loan(s). In filing a petition, **Breaux** failed to disclose all of the previous bankruptcy cases filed within the prior eight (8) years. Further, in filing each case **Breaux** intentionally failed as a debtor to make complete and honest disclosure of her assets, liabilities, and other requirements to the Bankruptcy Judge, Trustees, and creditors.

### The Bankruptcy Process

3. Bankruptcy is a process by which a debtor obtains relief from her creditors (those who are owed money by the debtor). The process is designed to achieve an orderly transfer of a debtor's assets to creditors from available assets truthfully and accurately disclosed, and to provide a "fresh start" to honest debtors by allowing them to obtain a discharge or release of debt incurred prior to filing bankruptcy. The process is conducted in federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

4. An individual may file a "petition" for one of several types of bankruptcy, commonly referred to as chapters. A debtor is required to complete and file several documents with the bankruptcy court to carry out the bankruptcy process. These documents consist of a Petition, which contains summary information about the debtor's financial condition, various Bankruptcy Schedules,

and a Statement of Financial Affairs, which contain, among other things, detailed information about the debtor's assets, liabilities, recent payments to creditors, past and current income, and anticipated future income. The Petition, Statement of Financial Affairs and Bankruptcy Schedules are required to be signed by the debtor and certified under penalty of perjury that the information contained in them is true and correct. In a Chapter 13 bankruptcy case, a debtor is also required to file a plan to pay back creditors and begin making payments to the Chapter 13 Trustee shortly after filing. In Chapter 13 bankruptcy cases, a Chapter 13 Trustee is appointed in every case to administer the debtor's plan and make payments to creditors.

5. A debtor is required to disclose all creditors to the bankruptcy court so that the court can provide notice to the creditors of the filing of the bankruptcy petition. One purpose of this requirement is to allow the creditors the opportunity to participate in the bankruptcy proceeding and protect their interests.

6. As part of the bankruptcy process, every debtor must submit to a meeting conducted by the Trustee, or an employee of the United States Trustee's Office, who is assigned to oversee and to administer the bankruptcy case. At this meeting, referred to as a "creditors' meeting," the debtor is placed under oath and questioned by the Trustee, and any creditors who choose to attend, about the information contained in the bankruptcy documents and about the debtor's

financial condition, in general. Further, in carrying out the bankruptcy process, when filing all documents, the debtor swears under penalty of perjury that the information is accurate and truthful.

B. **THE SCHEME TO DEFRAUD**

7. From in or about January 2004 and continuing to December 2015, in the Houston Division of the Southern District of Texas and elsewhere,

**LESLIE NICOLE BREAUX**
**a/k/a LESLIE NICOLE ADAMS,**
**a/k/a LESLIE NICOLE**
**ADAMS-BREAUX**

defendant herein, having devised and intending to devise a scheme and artifice to defraud the Bankruptcy Court, and others, for the purpose of executing and concealing said scheme and artifice, filed a petition under Title 11, United States Code, in Bankruptcy Cases Nos. 04-36668, 04-44373, 05-33356, 05-95114, 06-33900, 08-33862, 09-30391, 12-35654, 12-36491, 12-37060, 14-33880, 14-34515 and made false and fraudulent representations, claims, and promises, including omitting and concealing material facts, concerning and in relation to a proceeding under Title 11, as more fully set forth below.

C. **EXECUTION OF THE SCHEME TO DEFRAUD**

8. The scheme and artifice consisted of the defendant omitting material facts concerning the disclosure of all previous bankruptcy cases filed in Bankruptcy Court within the prior eight years. Defendant did this to receive

4

immediate protection from the automatic stay against foreclosure by creditors to avoid fulfilling her obligation of disclosure, and well knowing that she will refile thereafter to once again thwart her creditors by receiving the automatic stay.

9. It was further part of the scheme to defraud that the defendant would and did file multiple petitions to mislead creditors to believe that the stay was in effect because the current petition failed to disclose cases that had been previously filed, and then dismissed, within one year prior to the filing of the pending case. Thus, creditors would take no legal action to exercise their legal remedies.

10. It was further part of the scheme to defraud the defendant would and did use different variations of her name in filing bankruptcy cases designed to mislead the Bankruptcy Court, Trustees and creditors. She used the following names to file bankruptcy petitions: "Leslie Nicole Breaux, a/k/a Leslie Breaux, Leslie Nicole Adams, a/k/a, Leslie Nicole Breaux, Nicole Adams, Leslie Nicole Adams a/k/a Leslie Nicole Breaux."

11. It was further part of the scheme to defraud the defendant would and did omit to disclose proper names, and previous cases filed and other schedules and documents as required by the Bankruptcy Code, that the Bankruptcy Judges issued several Orders dismissing defendant's cases and ordering the defendant not to file another case within a 180 day period. Defendant violated the Court's Order.

12. It was part of the scheme to defraud that the defendant would and did file 14 bankruptcy cases in the Southern District of Texas from 2001 to 2014.

D. **MATERIAL FALSE AND FRAUDULENT REPRESENTATIONS, PROMISES AND CONCEALMENT OF MATERIAL FACTS**:

13. On or about August 1, 2012, the defendant filed her tenth (10) bankruptcy petition, Case No. 12-35654. Defendant failed to disclose all other names that she had used during the eight years prior to August 1, 2012. The official Voluntary Petition form requires the individual filing the petition to "List All Other Names Used by the Debtor in the last 8 Years." In the tenth petition, she represented that her name was "Leslie Nicole Breaux," and in response to listing all other names, she only listed "Adams." Thus, the other names that she was required to list were: "Leslie Breaux" (the name that she used in her ninth petition), "Leslie Nicole Adams" (the name defendant listed in her sixth petition), "Nicole Adams" (the name that she listed in her fourth petition), and "Leslie Nicole Adams-Breaux" (the name she listed in her second petition). Therefore, the Bankruptcy Court, Trustees, and creditors were not aware of all the names defendant listed in filing petitions which would disclose previously filed petitions. Defendant's failure to truthfully disclose all names of previously filed petitions was designed by the defendant to conceal, mislead, hinder and delay the Court, Trustees, and creditors from pursing their responsibilities and to obtain an "automatic stay" to prevent foreclosure against property.

14. Further, the bankruptcy petition requires the debtor to list "All Bankruptcy Cases Filed within the Last 8 Years." The information provided in response to this requirement is made under penalty of perjury. Defendant did not disclose any of her prior cases filed within the eight years of August 1, 2012. During this eight-year period (i.e. August 1, 2004 up to August 1, 2012), the defendant filed the following cases on the following dates: Case No. 04-44373 on October 4, 2004; Case No. 05-33356 on March 4, 2005; Case No. 05-95114 on November 1, 2005; Case No. 06-33900 on August 10, 2006; Case No. 08-33862 on June 17, 2008; and Case No. 09-30391 on January 22, 2009. Defendant's failure to disclose these six previous cases in her tenth petition constitutes a material fact, false oath, declaration, and/or representation not disclosed to the Bankruptcy Court.

In violation of Title 18, United States Code, Section 157 (3).

## COUNT TWO
### (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about August 31, 2012, in the Southern District of Texas and elsewhere,

**LESLIE NICOLE BREAUX**
**a/k/a LESLIE NICOLE ADAMS,**
**a/k/a LESLIE NICOLE**
**ADAMS-BREAUX**

defendant herein, did knowingly and fraudulently make a material false declaration, certificate, and verification under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, case no. 12-36491, in which defendant is required to "List all Bankruptcy Cases Filed in the Last 8 Years," the defendant filed the following cases on the following dates: Case No. 04-44373 on October 4, 2004; Case No. 05-33356 on March 4, 2005; Case No. 05-95114 on November 1, 2005; Case No. 06-33900 on August 10, 2006; Case No. 08-33862 on June 17, 2008; and Case No. 09-30391 on January 22, 2009, and 12-35654, and defendant did not list these previously filed cases in the bankruptcy petition which was filed under penalty of perjury.

In violation of Title 18, United States Code, Section 152 (3).

## COUNT THREE
### (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about September 24, 2012, in the Southern District of Texas and elsewhere,

**LESLIE NICOLE BREAUX**
**a/k/a LESLIE NICOLE ADAMS,**
**a/k/a LESLIE NICOLE**
**ADAMS-BREAUX**

defendant herein, did knowingly and fraudulently make a material false declaration, certificate, and verification under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, case no.

8

12-37060, in which defendant is required to "List all Bankruptcy Cases Filed in the Last 8 Years," the defendant filed the following cases on the following dates: Case No. 04-44373 on October 4, 2004; Case No. 05-33356 on March 4, 2005; Case No. 05-95114 on November 1, 2005; Case No. 06-33900 on August 10, 2006; Case No. 08-33862 on June 17, 2008; and Case No. 09-30391 on January 22, 2009, 12-35654 on August 1, 2012, and 12-36491 on August 31, 2012, defendant did not list these previously filed cases in the bankruptcy petition which was filed under penalty of perjury.

In violation of Title 18, United States Code, Section 152 (3).

## COUNT FOUR
### (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about July 14, 2014, in the Southern District of Texas and elsewhere,

**LESLIE NICOLE BREAUX**
**a/k/a LESLIE NICOLE ADAMS,**
**a/k/a LESLIE NICOLE**
**ADAMS-BREAUX**

defendant herein, did knowingly and fraudulently make a material false declaration, certificate, and verification under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, case no. 14-33880, in which defendant is required to "List all Bankruptcy Cases Filed in the Last 8 Years," the defendant filed the following cases on the following dates: Case No. 04-44373 on October 4, 2004; Case No. 05-33356 on March 4, 2005; Case No.

05-95114 on November 1, 2005; Case No. 06-33900 on August 10, 2006; Case No. 08-33862 on June 17, 2008; and Case No. 09-30391 on January 22, 2009, 12-35654 on August 1, 2012, 12-36491 on August 31, 2012, and 12-37060 on September 24, 2012, defendant did not list these previously filed cases in the bankruptcy petition which was filed under penalty of perjury.

In violation of Title 18, United States Code, Section 152 (3).

## COUNT FIVE
### (18 U.S.C. § 152 (3)-False Bankruptcy Declaration)

On or about August 15, 2014, in the Southern District of Texas and elsewhere,

### LESLIE NICOLE BREAUX
### a/k/a LESLIE NICOLE ADAMS,
### a/k/a LESLIE NICOLE
### ADAMS-BREAUX

defendant herein, did knowingly and fraudulently make a material false declaration, certificate, and verification under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, case no. 14-34515, in which defendant is required to "List all Bankruptcy Cases Filed in the Last 8 Years," the defendant filed the following cases on the following dates: Case No. 04-44373 on October 4, 2004; Case No. 05-33356 on March 4, 2005; Case No. 05-95114 on November 1, 2005; Case No. 06-33900 on August 10, 2006; Case No. 08-33862 on June 17, 2008; and Case No. 09-30391 on January 22, 2009, 12-

35654 on August 1, 2012, 12-36491 on August 31, 2012, 12-37060 on September 24, 2012, and 14-33880 on July 14, 2014, defendant did not list these previously filed cases in the bankruptcy petition which was filed under penalty of perjury.

In violation of Title 18, United States Code, Section 152 (3).

A TRUE BILL:

Original Signature on File

Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

Quincy L. Ollison
Assistant United States Attorney